**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VIVIAN ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 25 C 6496 |
| v. | ) | |
| | ) | Magistrate Judge |
| JETBLUE AIRWAYS | ) | Daniel P. McLaughlin |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This personal injury case is before the Court on Defendant JetBlue Airways Corporation's partial motion to dismiss specific allegations in Plaintiff Vivian Rose's amended complaint [32]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to Local Rule 73.1. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

Plaintiff was a passenger on a 5/31/2024 flight operated by Defendant. She alleges that she was injured while deplaning—or exiting—the aircraft after it landed and arrived at a gate at Chicago's O'Hare International Airport [28][1] at 2-3. Plaintiff's amended complaint alleges that Defendant owed her "the highest degree of care and/or ordinary care in the course and conduct of…deplaning…so as not to cause

---

[1] Plaintiff's original complaint was filed on 6/11/25 [2]. On 8/7/25, Defendant moved to dismiss specific allegations in Plaintiff's complaint [20], after which Plaintiff filed the amended complaint [28] that is the subject of the instant motion to dismiss specific allegations [32].

injury to Plaintiff….” [28] at 3, ¶11. According to Plaintiff's amended complaint, Defendant breached that duty by: failing to warn deplaning passengers about a mechanism that protruded from the floor in the exit pathway, failing to instruct deplaning passengers with rolling luggage to look for and avoid tripping over the mechanism protruding from the floor, failing to place a guard or cover around the mechanism protruding from the floor, and failing to inspect the mechanism protruding from the floor, when such inspection would have revealed that the mechanism presented a hazard to deplaning passengers. *Id*. at 3-4, ¶12. In summary, Plaintiff alleges that she was injured as a direct and proximate result of Defendant's breach of duty. Plaintiff asserts that, as she was deplaning, her rolling luggage was caught on the protruding mechanism, which caused her body to be jerked and ultimately caused Plaintiff to fall and collide with the jet bridge. *Id*. at 4, ¶13.

## DISCUSSION

### I.     Legal Standard

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain a “short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a)(2). A complaint need only contain factual allegations that, accepted as true, are sufficient to “state a claim to relief that is plausible on its face.” *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is plausible “when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Id.* The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the pleading stage, the Court must "accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). But "allegations in the form of legal conclusions are insufficient." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 885 (7th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

## II.     Duty of care and preemption

In advancing her negligence claim, Plaintiff claims that Defendant was required to "exercise the highest degree of care and/or ordinary care in the course and conduct of...deplaning passengers...." [28] at 3. Plaintiff further asserts that Defendant breached its duty of care, and that Plaintiff's claimed injuries are a direct result of that breach. *Id.* at 3-4.

Defendant's partial motion to dismiss focuses on the duty of care that Plaintiff asserts. [32] at 2-3. As such, Defendant's motion to dismiss presents a pure legal question related to the applicable duty of care. According to Defendant, the "federal 'careless and reckless' standard of care applicable to commercial air travel" preempts any common law or heightened standard of care pled by Plaintiff. *Id.* As an initial matter, the Court emphasizes that Defendant misstates the duty of care that it seeks

3

to assert. The standard relied upon by Defendant is not "careless and reckless," but rather "careless *or* reckless." *Deahl v. Air Wisconsin Airlines Corp.*, 03C5150, 2003 WL 22843073, *4 (N.D. Ill. Nov. 26, 2003)(emphasis added); 14 C.F.R. § 91.13(a)("[n]o person may operate an aircraft in a careless or reckless manner so as to endanger the life or property of another.").

Plaintiff's asserted standard of care, "the highest degree of care and/or ordinary care in the course and conduct of…deplaning of passengers…," [28] at 3, comes from Illinois law, which requires a common carrier to exercise "a duty of highest care," or the "the highest degree of care." [34] at 5 (citing to Illinois case law and the Illinois Civil Pattern Jury Instructions). Defendant, on the other hand, claims the Federal Aviation Act's (FAA's) "careless or reckless" standard preempts the application of any state law standards. [32] at 2. As a result, Defendant urges this Court to dismiss those aspects of Plaintiff's complaint that assert a higher standard of care. *Id.* at 3. According to Defendant, "[a]ll of Plaintiff's allegation's (sic) which characterize [Defendant's] duty of care as anything other than the federal 'careless and reckless' (sic) standard of care applicable to commercial air travel are preempted and must be dismissed." *Id.*

With respect to preemption, courts have recognized a distinction between express and implied preemption. *Holmes v. United Airlines, Inc.*, 10C8085, 2012 WL 245136, *3 (N.D. Ill. Jan. 25, 2012)(internal citations omitted). Express preemption occurs when a federal statute explicitly states that it overrides a state or local law. *Id.* The FAA "did not preempt state law causes of action explicitly." *Id.* (*citing Bieneman v.*

*City of Chi.*, 864 F.2d 463, 471 (7th Cir. 1988)). Accordingly, "[FAA] [p]reemption would have to be implied, as it is not express." *Deahl*, 2003 WL 11843073 at *1. The Court therefore turns to implied preemption. Preemption decisions in the field of aviation are "far from uniform." *Id.* at *2. This is, in part, because "the Supreme Court has expressly refused to say precisely how far Congress went when it implicitly preempted some significant portion of state authority over aviation within its borders." *Id.* (internal citations omitted).

Defendant urges the Court to follow the reasoning and holding of *Deahl*. [32] at 3. In that case, the plaintiff fell down an unattended stairway while deplaning and sustained injuries. *Deahl*, 2003 WL 22843073 at *1. Air Wisconsin, the defendant carrier, moved to dismiss and argued that the Airline Deregulation Act (ADA) preempted state law that imposed upon the airline's "rates, routes, and services." *Id.* The court reasoned that "it is obvious that deplaning falls within the ambit of 'services' offered by airlines and is covered by…preemption….[as] it is difficult to imagine that getting on and off the plane is not part of the service." *Id.* at *2. The court ultimately concluded that state law tort remedies remained available to the plaintiff, but that the state law standard of care was preempted by the federal "careless or reckless" standard. *Id.* at *4.

The Court respectfully declines to follow *Deahl* and instead adopts the reasoning and holding of *Elassaad v. Independence Air, Inc.*, 613 F.3d 119, 131(3d Cir. 2010). In *Elassaad*, the Third Circuit engaged in a thorough analysis of the FAA's scope and the extent to which it preempts state and local law. The court ultimately concluded

5

that the FAA's safety regulations do not preempt state law concerning tort claims arising from the carrier's conduct in overseeing the disembarkation of passengers. *Id*. The *Elassaad* court held that [a]lthough "the [FAA] preempts 'the entire field of aviation safety' from state regulation, . . . the 'field of aviation safety' does not include a flight crew's oversight of the disembarkation of passengers once a plane has come to a complete stop at its destination." *Id*. at 121.

As with *Deahl*, the facts of *Elassaad* involved an airline passenger who was injured while deplaning. The plaintiff in *Elassaad* used crutches to walk, and when he descended a "narrow" stairway from the aircraft, he fell, hit the tarmac's pavement, and suffered injuries. *Id*. at 122. Pertinent to this Court's analysis, the plaintiff challenged the airline's summary judgment motion by arguing that "state negligence law governs an air carrier's duty of care" to deplaning passengers. *Id*. at 123.

In a lengthy and well-reasoned analysis that this Court adopts, the *Elassaad* court considered precedent related to FAA preemption and the context surrounding Elassaad's injury and compared those facts to the circumstances presented by tort claims arising from in-flight injuries. "Based on the comprehensive regulatory system, [the *Elassaad* court] determined that [the FAA] so thoroughly occupies the legislative field of aviation safety that federal law impliedly preempts state regulation in that area." *Id*. at 125 (*citing Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 369 (3d Cir. 1999)). But that holding was limited to "aviation safety," and

6

"controlling only as far as it goes." *Id.* at 126. The *Elassaad* court explained that [t]he

Third Circuit's previous consideration of the FAA's regulatory framework:

> focused exclusively on safety while a plane is in the air,
> flying between its origin and destination. Our use of the
> term 'aviation safety' in *Abdullah* to describe the field
> preempted by federal law was thus limited to in-air safety.
> The supervision of the disembarkation process by a flight
> crew therefore falls outside the bounds of what we were
> considering in *Abdullah*.

*Id.* at 127.

The *Elassaad* court then waded through the FAA's organization and

definitions and concluded that the FAA's "careless or reckless" standard did not

preempt the application of the state law standard of care to the flight crew's oversight

of disembarkation. *Id.* at 130. The court reasoned as follows:

> [T]he aircraft was not being operated for the purpose of air
> navigation at the time of Elassaad's accident, and thus the
> standard of care provided by [the FAA] did not apply….By
> the time of the accident the aircraft had landed, taxied to
> the gate, and come to a complete stop; the crew had already
> opened the door and lowered the plane's stairs….

*Id.*

This Court reaches the same conclusion as the court in *Elassaad*. There is

nothing in the framework of the FAA—express or implied—indicating that the

statutory scheme sought to regulate safety during deplaning. State law standards of

care therefore apply to negligence claims related to flight crew oversight of the

disembarkation process. *Id.* at 131. The Court's conclusion draws further support

from *Holmes*, 2012 WL 245136, **4-6 (finding preemption inapplicable to negligence

claims related to deplaning) and *Raube v. American Airlines*, 539 F. Supp. 2d 1028,

7

1033-34 (N.D. Ill. 2008)(concluding that airlines owe the "highest degree of care" to individuals boarding and alighting aircraft).

For the purposes of Defendant's partial motion to dismiss, there is no meaningful difference between the facts of *Elassaad* and the facts of the instant case. Here, the flight on which Plaintiff traveled had landed, taxied to gate, linked up with a jetway, and opened its cabin door. Passengers, including Plaintiff, were in the process of deplaning when Plaintiff claims that she was injured. [28] at 2-3, ¶¶ 8-10; [32] at 1-2; [34] at 1-2. Plaintiff has clearly alleged that Defendant's flight crew owed her a duty of care, that they failed to fulfill that duty, and that she was injured as a result. The duty of care that Plaintiff pleads aligns with Illinois state law and the Court concludes that it is not preempted by the FAA. Taking Plaintiff's well-plead allegations as true, as the Court must in this context, the Court concludes that Plaintiff has asserted a plausible claim—factually and legally—and provided Defendant with fair notice of those claims.

## CONCLUSION

For the foregoing reasons, Defendant's partial motion to dismiss specific allegations in Plaintiff's amended complaint [32] is denied. The standard of care pled

by Plaintiff in her amended complaint [28] is not preempted by the FAA "careless or reckless" standard. Defendant is ordered to answer or otherwise plead to Plaintiff's amended complaint by 4/6/26.

**SO ORDERED.**                                    **ENTERED:**

**DATE:** __March 16, 2026__          _____

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**

9